Vitaliy ANTONETS, Petitioner,

v.

Eric H. HOLDER Jr., Attorney General, Respondent.

No. 05–77348.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 17, 2009.*

Filed Dec. 14, 2009.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Tatyana A. Edwards, Esquire, Law Offices of Tayana A. Edwards, APC, San Diego, CA, for Petitioner.

Donald Anthony Couvillon, Esquire, Luis E. Perez, Senior Litigation Counsel, Holly Smith, Esquire, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

## MEMORANDUM **

Vitaliy Antonets, a native of the former Soviet Union and citizen of Ukraine, petitions for review of the Board of Immigration Appeals' order affirming an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Don v. Gonzales,* 476 F.3d 738, 741 (9th Cir.2007), and we review de novo constitutional claims, *Rivera v. Mukasey,* 508 F.3d 1271, 1274–75 (9th Cir.2007). We deny the petition for review.

■ Substantial evidence supports the agency's adverse credibility determination based on the inconsistencies between Antonets' testimony and the Record of Sworn Statement in Proceedings as to his reasons for coming to the United States and whether he feared returning to Ukraine, *see Li v. Ashcroft,* 378 F.3d 959, 962–63 (9th Cir.2004) (sworn airport interview statement was a reliable impeachment source to support an adverse credibility finding), an inconsistency relating to Antonets' hospital visits, *see id.* at 963, and his inability to corroborate his membership in Vilnyy Shlyah, *see Sidhu v. INS,* 220 F.3d 1085, 1091 (9th Cir.2000) ("[W]here the IJ has reason to question the applicant's credibility, and the applicant fails to produce non-duplicative, material, easily available corroborating evidence and provides no credible explanation for such failure, an adverse credibility finding will withstand appellate review.").

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

■ In the absence of credible testimony, Antonets failed to establish he is eligible for asylum or withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

■ Because Antonets' CAT claim is based on the testimony the agency found not credible, and he points to no other evidence to show it is more likely than not he would be tortured if he returned to Ukraine, his CAT claim fails. *See id.* at 1156–57.

Finally, we deny Antonets' due process contention because there was no error in the agency's handling of the Record of Sworn Statement in Proceedings. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**